IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| JOSEPHAT MUA, *et al.*<br>*Plaintiffs,*<br><br>v.<br><br>STATE OF MARYLAND, *et al.*<br>*Defendants.* | Civil Action No.: ELH-16-01435 |

**MEMORANDUM**

On May 12, 2016, plaintiffs Josephat Mua and Francoise Vandenplas, husband and wife who are self-represented, filed suit against the State of Maryland; California Casualty Indemnity Exchange ("CCIE"); and Marsden & Seledee, LLC, a law firm. *See* ECF 1. Plaintiffs also filed a "Motion for Ex Parte Emergency Injunctive Relief and Immediate Hearing." ECF 2, "Motion." The Motion is supported by a Memorandum (ECF 2) and several exhibits. *See* ECF 2-3–2-9.[1]

According to plaintiffs, defendants have violated the Fair Debt Collection Practices Act, the Fair Credit Reporting Act, and Maryland law with respect to events that transpired following a vehicular accident that occurred in August 2011. ECF 1, ¶ 8.[2] The proverbial "kitchen sink" Complaint contains numerous causes of action, as follows: "Violation of Article 40 of the Maryland Declaration of Rights" (Count I; Count II); Common Law – Abuse (Count III);

---

[1] Although the pleadings were docketed on the afternoon of Thursday, May 12, 2016, Chambers was not notified of the case assignment until approximately 1:30 p.m. on Friday, May 13, 2016.

[2] The Complaint alleges jurisdiction based, *inter alia*, on 28 U.S.C. §§ 1332; 28 U.S.C. § 1391; and 42 U.S.C. § 1983. Plaintiffs appear to be domiciled in Maryland and some of the defendants also appear to be domiciled in Maryland. Therefore, to the extent that jurisdiction is based on diversity of citizenship, jurisdiction appears questionable. *See* 28 U.S.C. § 1332.

Retaliation (Count IV); Conspiracy (Count V); "Injunction Against Marsden & Seledee; California Casualty Indemnity Exchange for Unlawful Interference with the Administration and Enforcement of the Laws of Maryland" (Count VI); Breach of Duty (Count VII); Negligence (Count VIII); Discrimination and Unfair Termination Provisions (Count IX); Improper Termination Practice (Count X); Violation of Fair Debt Collection Practices Act and Lack of License in Maryland (Count XI); "(Legal Malpractice Against Defendants)" (Count XII); Breach of Fiduciary Duty Against Defendants (Count XIII); and Fraud (Count XIV). *See* ECF 1 at 11–30.

This Memorandum resolves only the pending Motion. No hearing is necessary. *See* Local Rule 105.6. For the reasons set forth below, plaintiffs' Motion shall be denied.

**I. Background**

The lengthy Complaint is difficult to decipher. According to plaintiffs, this "matter arises out of a motor vehicle incident that occurred on August 26th, 2011," in which Vandenplas was involved. ECF 1, ¶ 8. Plaintiffs' claims seem to arise from an insurance dispute with CCIE that followed the motor vehicle accident in 2011, and from alleged collection efforts used by Marsden & Seledee as a result of CCIE's overpayment of insurance benefits to plaintiffs. *Id.* ¶¶ 8–21. Plaintiffs contend, *inter alia*, that CCIE "chose not to assist the Plaintiffs despite the obligations to do so according to Maryland law." *Id.* ¶ 21.

In particular, it appears that CCIE made two insurance payments to plaintiffs of $5,128.83 each, over the course of approximately three months. *Id.* ¶¶ 23, 24. According to plaintiffs, CCIE issued the first check "without an explanation." *Id.* ¶ 23. And, "[d]ue to the ambiguous purpose of the check, the Plaintiffs retained the check for 3 months, causing it to expire." *Id.* Then, "[u]pon seeking counsel with an attorney, the attorney instructed Plaintiff Mr.

Mua to cash the check for the purposes of recovering the car rental expenses and other incidentals." *Id.*  Thereafter, "Plaintiff Josephat Mua contacted the Defendant California Casualty Indemnity Exchange concerning the uncashed check and reimbursement of rental car expenses which totaled more than $1,000 and the Plaintiff Mr. Mua was issued a new check for $5,128.83 without any explanations and assumed it was towards the rental car expenses and other costs associated with the incident." *Id.* ¶ 24.

CCIE subsequently sought reimbursement in an amount equal to one of the checks it had issued to plaintiffs, claiming that it was a duplicate payment. *Id.* ¶¶ 23–33.  Plaintiffs contested the reimbursement and litigation ensued.

An electronic search in the Maryland Judiciary Case Search system yielded numerous results for State cases that involve the plaintiffs, CCIE, and Marsden & Seledee.  *See* MARYLAND JUDICIARY CASE SEARCH CRITERIA, http://casesearch.courts.state.md.us/casesearch//process Disclaimer.jis (searching by name: Mua, Josephat) (last visited May 18, 2016).  And, in at least two of the State cases, CCIE is or was represented by Joel Seledee, Esquire, of the law firm of Marsden & Seledee, LLC.  *See* Circuit Court for Montgomery County, Case No. 9124D (Closed April 29, 2016); Circuit Court for Montgomery County, Case No. 9381D (Filed May 2, 2016).

In the District Court for Montgomery County, CCIE sued Mua and Vandenplas to recover the disputed overpayment.  Mua and Vandenplas removed that case to federal court, where it was assigned to Judge Messitte.  *See* PJM-15-0060; *see also id.* at ECF 35-1 at 2; ECF 40 (both citing the State action as case number "060200053402014").  Notably, the underlying facts of the federal case appear largely the same as those set forth in the case *sub judice*.

Moreover, on February 4, 2015, Judge Messitte remanded the case to State court, finding that it was untimely removed and that, in any event, Mua and Vandenplas had failed to set forth a

valid basis for subject matter jurisdiction. *Id.* at ECF 38 at 2–3; ECF 39; ECF 40. In his Memorandum Opinion (*id*. at ECF 38), Judge Messitte noted that there had already been a trial on the merits in State court, and that "judgment was entered in favor of Plaintiff." *See id.* at ECF 38 at 2; *see also* PJM-15-0060, ECF 35, ¶¶ 5, 6; ECF 35-1 at 2; ECF 35-2.[3] Judge Messitte cited ECF 35-2, which is a copy of the Judgment in the District Court of Maryland, entered against both Mua and Vandenplas, jointly and severally, dated December 10, 2014, in the amount of $5,128.83, plus costs of $118.

Notably, when Mua and Vandenplas removed the State case to federal court (PJM-15-0060), they filed a notice (*id.* at ECF 33) indicating that the removed case was related to a pending federal case that they had initiated, captioned *Mua and Vandenplas v. California Casualty Indemnity Exchange and Marsden & Seledee, LLC*, PJM-14-3810. In that case, Judge Messitte dismissed the amended complaint (*id.* at ECF 30; ECF 31) and the Fourth Circuit affirmed. *Id.* at ECF 37; ECF 41.[4] The 2015 case also appears to have involved largely the same claims asserted in the case *sub judice*, as well as the same parties, with the exception of the addition of the State of Maryland.

Plaintiffs now aver, *inter alia*, that the matter is urgent because Vandenplas has been subject to illegal wage garnishment in connection with the contested obligation to reimburse CCIE. *See, e.g.*, ECF 1 at 9, 11, 13, 27. Plaintiffs also contend that defendant Marsden & Seledee was hired by CCIE to collect the outstanding payment. *See, e.g.*, ECF 1 at 2. Plaintiffs take issue with the debt collection practices used by Marsden & Seledee. *Id.* And, as to the State

---

[3] In the federal case (PJM-15-0060), CCIE's motion for attorneys' fees and costs (*id.* at ECF 48) is pending. *See id.* at ECF 53.

[4] CCIE's motion for attorneys' fees and costs, as well as a motion for sanctions, are pending. *See* PJM-14-3810 at ECF 42; ECF 43; ECF 50.

of Maryland's involvement in the suit, plaintiffs allege the following (*id.*): "The state of Maryland agents engaged in white collar crimes in order to advance the illegal scheme and awarded Defendant CCIE using the violation of the law to the detriment of the Plaintiffs. Defendant CCIE and Marsden & Seledee engaged in bribery and interfered with the Maryland State personnel to advance their illegal agenda in Maryland in violation of the constitution."

In the Motion (ECF 2), plaintiffs ask the Court, *inter alia*, to "stop the garnishment of wages of Francoise Vandenplas . . . and to allow the complaints filed in this court, the appeal currently pending in Maryland Court of Appeals [sic] and in the Court of Appeals for U.S [sic] Fourth Circuit . . . ." *Id.* at 1–2. The Motion also appears to expand the scope of alleged misconduct by defendants (*id.* ¶ 9), and includes a "Request for Supersedeas Bond" pursuant to Fed. R. Civ. P. 62. *Id.* at 7–8.

## II. Discussion

Rule 65 of the Federal Rules of Civil Procedure governs the issuance of injunctions and restraining orders. Of relevance here, Rule 65(a) specifies that courts "may issue a preliminary injunction only on notice to the adverse party." Fed. R. Civ. P. 65(a)(l).

A preliminary injunction is an extraordinary and drastic remedy. *See Munaf v. Geren*, 553 U.S. 674, 689-90 (2008). As the Fourth Circuit observed in *Centro Tepeyac v. Montgomery Cnty.*, 722 F.3d 184, 188 (4th Cir. 2013), a preliminary injunction involves "the exercise of a very far-reaching power, which is to be applied only in the limited circumstances which clearly demand it." (Quotation marks and citation omitted.) It is a remedy that is "'is granted only sparingly and in limited circumstances.'" *Micro Strategy, Inc. v. Motorola, Inc.*, 245 F.3d 335, 339 (4th Cir. 2001) (citation omitted).

5

In order to obtain a preliminary injunction under Rule 65(a), the movant must satisfy all four factors articulated by the Supreme Court in *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008): (1) that the movant is "likely to succeed on the merits," (2) that the movant is "likely to suffer irreparable harm in the absence of preliminary relief," (3) that the "balance of equities tips in [the movant's] favor," and (4) that "an injunction is in the public interest." *Accord Pashby v. Delia*, 709 F.3d 307, 320 (4th Cir. 2013); *Dewhurst v. Century Aluminum Co.*, 649 F.3d 287, 290 (4th Cir. 2011); *WV Ass'n of Club Owners & Fraternal Servs., Inc. v. Musgrave*, 553 F.3d 292, 298 (4th Cir. 2009); *Real Truth About Obama, Inc. v. Fed. Election Comm'n*, 575 F.3d 342, 346 (4th Cir. 2009), *vacated on other grounds*, 559 U.S. 1089 (2010), *reinstated in relevant part on remand*, *The Real Truth About Obama, Inc. v. F.E.C.*, 607 F.3d 355 (4th Cir. 2010) (per curiam).

Plaintiffs' submissions do not show any likelihood of success on the merits. *See Winter*, 555 U.S. at 20. *See generally* ECF 1; ECF 2. In particular, the accident occurred in 2011 and, as plaintiffs discuss, at least three other lawsuits surrounding the same dispute have played out in the years since the accident. *See, e.g.*, ECF 2, ¶¶ 13–15, 33–36; ECF 2-4. Moreover, the matter of irreparable harm is not established. Notably, plaintiffs state that they are "financially solvent and shall maintain the same degree of solvency during the course of the appeal" of this case. ECF 2, ¶ 38. Although plaintiffs discuss numerous issues raised by the alleged illegal wage garnishment, such as the stress it has produced (*id.* ¶ 19), the allegations in the Complaint and the Motion fall far short of demonstrating that plaintiffs will suffer irreparable harm in the absence of an injunction. Nor do the allegations show that the balance of equities tip in their favor, or that an injunction is in the public interest.

### III. Conclusion

Plaintiffs have not met the burden required for the "extraordinary remedy" of a preliminary injunction. *Winter*, 555 U.S. at 24. Therefore, I shall deny the Motion (ECF 2).

An Order follows.

Date: <u>May 19, 2016</u>              /s/
                                        Ellen L. Hollander
                                        United States District Judge