FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2017 MAR 20  PM 2: 27

CLERK'S OFFICE
AT BALTIMORE

BY_____DEPUTY

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

Chambers of
**Ellen Lipton Hollander**
District Court Judge

101 West Lombard Street
Baltimore, Maryland 21201
410-962-0742

March 20, 2017

MEMORANDUM TO MR. MUA, MS. VANDENPLAS, AND COUNSEL

Josephat Mua and Francoise Vandenplas
2332 London Bridge Dr.
Silver Spring, MD 20906

> Re:  *Mua et al. v. State of Maryland et al.*
> Civil Action No. ELH-16-1435

Dear Mr. Mua, Ms. Vandenplas, and Counsel:

As you know, on May 12, 2016, plaintiffs Josephat Mua and Francoise Vandenplas, husband and wife who are self-represented, filed suit against the State of Maryland ("State"); California Casualty Indemnity Exchange ("CCIE"), an insurance company; and Marsden & Seledee, LLC ("Marsden & Seledee"), a law firm. *See* ECF 1.

By Memorandum (ECF 41) and Order (ECF 42) of February 15, 2017, I granted the motion to dismiss filed by CCIE and Marsden & Seledee (ECF 10); I granted the State's motion to dismiss (ECF 17); and I granted defendants' joint motion to strike plaintiffs' notice of removal (ECF 28). However, despite the frequent filings by plaintiffs of submissions raising claims that have already been litigated, I denied the defense motion for sanctions and for a pre-filing injunction. ECF 25.

Plaintiffs submitted a motion for reconsideration on March 1, 2017, "based [sic] new evidence" (ECF 43, "Motion for Reconsideration"), supported by 35 exhibits, filed separately in paper format. Plaintiffs also filed a motion for "stay of the opinion and judgment order...pending appeal and administrative proceedings in the county and state..." ECF 44 ("Motion to Stay"). It is supported by 35 exhibits, filed separately in paper format.

Thereafter, on March 15, 2017, plaintiffs noted an appeal to the Fourth Circuit (ECF 46), with respect to my ruling of February 15, 2017 (ECF 41; ECF 42). According to correspondence from the Fourth Circuit (ECF 48), the appeal will be deemed filed after disposition of the Motion for Reconsideration (ECF 43).

Then, on March 16, 2017, plaintiffs filed a motion for writ of mandamus. ECF 49 ("Mandamus Motion"). They complain that the "motion for ex parte emergency injunctive relief and immediate hearing" (ECF 2, "Motion for Ex Parte Relief"), filed on May 12, 2016, is not "public." *Id.* at 3. In addition, plaintiffs ask the Court to enter an Order commanding the Clerk

of this Court to docket all exhibits that plaintiffs have filed, including those submitted with the Motion for Reconsideration and the Motion to Stay. ECF 49. Further, plaintiffs request that the Clerk docket all exhibits to its responses to ECF 10 and ECF 17. *See* ECF 31, supported by 37 exhibits filed separately in paper format; ECF 32, supported by 40 exhibits filed separately in paper format.

Plaintiffs seem to misapprehend the docketing system of this Court. Plaintiffs believe that exhibits filed separately in paper format are "not public record" and are "not docketed." ECF 49 at 3. This is incorrect. The Clerk has discretion to file in paper format any documents that are "[e]xcessively large" and "exceed...30 megabytes." *See* ELECTRONIC CASE FILING POLICIES AND PROCEDURES MANUAL for the District of Maryland (December 2016), available at http://www.mdd.uscourts.gov/sites/mdd /files/CMECFProcedures Manual.pdf). Although documents filed in paper format are not available electronically, they are still docketed. Moreover, documents filed in paper format are available to the public. And, the public is informed about the existence of these documents by way of a "placeholder" entry on the docket.

With respect to plaintiffs' Motion for Ex Parte Relief and its supporting exhibits (ECF 2-1 to ECF 2-9), filed almost a year ago, the documents were docketed under seal because plaintiffs filed them with an ex parte motion. However, because it appears that plaintiffs seek to lift the seal, it will be lifted.

As all exhibits filed by plaintiffs have already been docketed, the Mandamus Motion (ECF 49) is DENIED. I will address the Motion for Reconsideration (ECF 43) after expiration of the deadline for the filing of a reply.

Despite the informal nature of this Memorandum, it is an Order of the Court, and the Clerk is directed to docket it as such.

                                      Very truly yours,

                                      /s/
                                    Ellen Lipton Hollander
                                    United States District Judge