IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JOSEPHAT MUA, *et al.*

    *Plaintiffs,*

    v.

STATE OF MARYLAND, *et al.*

    *Defendants.*

Civil Action No.: ELH-16-01435

## MEMORANDUM

This Memorandum resolves several motions filed by plaintiffs Josephat Mua and Francoise Vandenplas, husband and wife who are self-represented.

On May 12, 2016, plaintiffs filed suit against the State of Maryland ("State"); California Casualty Indemnity Exchange ("CCIE"), an insurance company; and Marsden & Seledee, LLC ("Marsden & Seledee"), a law firm. *See* ECF 1, "Complaint." According to plaintiffs, defendants have violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*; the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*; and Maryland law with respect to events that transpired following a vehicular accident that occurred in August 2011. ECF 1, ¶ 8.

The case is related to several other suits litigated by plaintiffs in both Maryland and federal court. These include the following Maryland cases: Case No. 0602-0005340-2014, in the District Court of Maryland for Montgomery County; Case No. 24-C-16-02625, in the Circuit Court for Baltimore City; and Case No. 420645V, in the Circuit Court for Montgomery County. And, these include the following federal cases in this Court: PJM-14-3810; PJM-15-0060; ELH-16-3247; and ELH-16-3267.

In addition, plaintiffs have instituted many other cases. These include *Mua v. The Maryland Office of the Attorney General et al.*, PJM-14-2070, and the following two cases in the Maryland Court of Special Appeals: *Mua v. Bd. of Ed., Prince George's Co*, *et al.*, Appeal No. 0356 (Sept. Term 2014), and *Mua v. AFSCME AFL-CIO et al.*, Appeal No. 2374 (Sept. Term 2013).

As to the case *sub judice*, by Memorandum (ECF 41) and Order (ECF 42) of February 15, 2017, I granted the motion to dismiss filed by CCIE and Marsden & Seledee (ECF 10); I granted the State's motion to dismiss (ECF 17); and I granted defendants' joint motion to strike plaintiffs' notice of removal (ECF 28). In particular, I dismissed several claims against CCIE and Marsden & Seledee, with prejudice, on the basis of res judicata, because the claims had already been litigated in Maryland State court (Case No. 0602-0005340-2014, the "State Case," in the District Court of Maryland for Montgomery County) and in this Court, *i.e.*, *Mua and Vandenplas v. California Casualty Indemnity Exchange and Marsden & Seledee, LLC*, PJM-14-3810. *See* ECF 41 at 32. However, despite the frequent filings by plaintiffs of submissions raising claims that have already been litigated, I denied the defense motion for sanctions and for a pre-filing injunction to bar further suits by plaintiffs, absent prior approval by the court (ECF 25).

Thereafter, on March 1, 2017, plaintiffs submitted a motion for reconsideration, "based new [sic] evidence" (ECF 43, "Motion for Reconsideration"), supported by 35 exhibits, filed separately in paper format. On the same date, plaintiffs also filed a motion for "stay of the opinion and judgment order…pending appeal and administrative proceedings in the county and state…" (ECF 44, "Motion to Stay"). The Motion to Stay essentially mirrors the Motion for

Reconsideration.  And, like the Motion for Reconsideration, the Motion to Stay is supported by 35 exhibits, filed separately in paper format.

On March 14, 2017, CCIE submitted a response in opposition to the Motion for Reconsideration and to the Motion to Stay (ECF 45, "Opposition"), supported by one exhibit. ECF 45-1.  Plaintiffs have replied  (ECF 52), supported by numerous exhibits.  ECF 52-2 to ECF 52-27.

Then, on March 15, 2017, plaintiffs noted an appeal to the Fourth Circuit (ECF 46) with respect to my Memorandum and Order of February 15, 2017 (ECF 41; ECF 42).  According to correspondence from the Fourth Circuit (ECF 48), the appeal will be deemed filed after my disposition of the Motion for Reconsideration (ECF 43).

On March 16, 2017, plaintiffs filed a motion for writ of mandamus (ECF 49).  Of significance here, they asked this Court to enter an Order commanding the Clerk of this Court to docket all exhibits that plaintiffs have filed, including those submitted with the Motion for Reconsideration and the Motion to Stay.  ECF 49.   Plaintiffs also asked the Clerk to docket all exhibits to its responses to the motions to dismiss, ECF 10 and ECF 17.   *See* ECF 31, supported by 37 exhibits filed separately in paper format; ECF 32, supported by 40 exhibits filed separately in paper format.

By Order of March 20, 2017 (ECF 50), I denied the writ of mandamus because all exhibits filed by plaintiffs had already been docketed.  I said, *id.* at 2:

> Plaintiffs seem to misapprehend the docketing system of this Court.  Plaintiffs believe that exhibits filed separately in paper format are "not public record" and are "not docketed." ECF 49 at 3.  This is incorrect.  The Clerk has discretion to file in paper format any documents that are "[e]xcessively large" and "exceed…30 megabytes."  *See* ELECTRONIC CASE FILING POLICIES AND PROCEDURES MANUAL for the District of Maryland (December 2016), available at http://www.mdd.uscourts.gov/sites/mdd  /files/CMECFProcedures  Manual.pdf). Although documents filed in paper format are not available electronically, they

are still docketed. Moreover, documents filed in paper format are available to the public. And, the public is informed about the existence of these documents by way of a "placeholder" entry on the docket.

Four days later, on March 24, 2017, plaintiffs submitted a "Motion to Recuse," asking me to recuse myself on the grounds of conflict of interest, bias, and prejudice. ECF 51, "Motion to Recuse." The Motion to Recuse was filed pursuant to "Maryland Rule 16-813, Maryland Rule 3-505, CJCR 2.11, the Canons of Judicial Conduct, and state and federal constitutional guarantees to due process of law, equal protection of the law, and a fair hearing and trial." *Id.* at 1. It is supported by Mua's "Affidavit of Bias And Prejudice" (ECF 51-1) and several exhibits. *See* ECF 51-3 to ECF 51-8.

No hearing is necessary to resolve the various motions. *See* Local Rule 105.6. For the reasons that follow, I shall deny the Motion to Recuse, the Motion for Reconsideration, and the Motion to Stay.

## I. Discussion[1]

### A. Motion to Recuse

In the Motion to Recuse (ECF 51), plaintiffs complain that I am "well connected to the [Maryland] Court of Special Appeals for Maryland were [sic] significant violations occurred." *Id.* at 6. Further, they claim that I am biased because I "used to work in the Maryland Court of Special Appeals from 1994, and continued in that position through 2010 under the supervision of Honorable Chief Judge Peter B. Krauser." ECF 51 at 6-7. Plaintiffs contend: "There were many violations in the court [sic] of Special Appeals for Maryland including fraudulent conduct

---

[1] Because the plaintiffs are self-represented, their pleadings must be "'liberally construed'" and "'held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted).

4

to cover up public corruption in Prince George's County." *Id.* at 8. As an example, plaintiffs assert that on December 8, 2016, Judge Peter Krauser issued an unfavorable ruling against Mr. Mua in "COSA *-0356-Mua, Josephat M Bd. of Ed., Prince George's Co*," in which "Honorable Chief Judge misled that, Petitioner had not showed how he was prejudiced contrary to the content of the brief." *Id.* at 8. In addition, plaintiffs claim, *id.*: "Other cases in which misleading rulings were issued are the following (COSA 2374 Mua, Josephat M.- AFSCME AFL-CIO; COSA 00356 SEPTEMBER TERM 2014)."

> Plaintiffs also state, *id.* at 9:

> Honorable Judge Sherrie L. Krauser [*i.e.*, the spouse of Judge Peter Krauser], presided over a case in Prince George's County where significant misconduct involving Attorneys hired by Petitioner Mr. Mua led by Mr. Mitchell Batt, Ardra O'Neal, Bryan Chapman and others engaged in an organized scheme to derail justice in state and Federal court with ties to other states. (See Prince George's County Circuit Court CALI030484, CALI035227 and also Mua v. Prince George's County Et al CAL36992).

In addition, plaintiffs assert that I am biased because I used to work as an Assistant Attorney General in the Civil Division of the Office of the Maryland Attorney General. *Id.* at 7. They point out that Mr. Mua filed a complaint in federal court against that office "due to public Corruption [sic]." *Id.*; *see Mua v. The Maryland Office of the Attorney General et al.*, PJM-14-2070.

As best as I can discern, plaintiffs seem to believe that I am unable to act fairly and impartially because of my prior position as a Maryland State judge, where I was a colleague of Chief Judge Peter B. Krauser on the Maryland Court of Special Appeals, and because of my former position, long ago, as a Maryland Assistant Attorney General. Plaintiffs acknowledge, however, that I am "a good person and a good family woman…" ELH-16-1435, ECF 51 at 9.

They also reiterate that the Court "has failed to docket all evidence for the public record…" *Id.* at 7.

I note that a 2011 automobile motor vehicle accident is at the heart of many of plaintiffs' cases in both federal and state court. Plaintiffs' claims are rooted in their insurance dispute with CCIE, which followed the motor vehicle accident, and in the alleged collection efforts by Marsden & Seledee to recover CCIE's overpayment of insurance benefits to plaintiffs. ELH-16-1435, ECF 1. Plaintiffs do not clearly explain what connection, if any, Judge Peter Krauser or Judge Sherrie Krauser have to this matter.

As noted, in the case *sub judice*, I dismissed several claims against CCIE and Marsden & Seledee, with prejudice, on the basis of res judicata, because the claims had already been litigated in the "State Case" and in this Court, in a case assigned to Judge Messitte, PJM-14-3810. *See* ELH-16-1435, ECF 41 at 32.

In the State Case, on December 10, 2014, after a trial on the merits, the District Court of Maryland for Montgomery County granted judgment in favor of CCIE and against Mua and Vandenplas, in the amount of $5,128.83 plus costs. *See* ELH-16-1435, ECF 10-2 at 15-16 (copy of the Judgment in the District Court of Maryland). That judgment was affirmed on appeal by the Circuit Court for Montgomery County, Case No. 9124D. *See* ECF 10-2 (State Case Docket) at 11. Plaintiffs noted an appeal to the Court of Special Appeals. *See* Maryland Judiciary Case Search Criteria, http://casesearch.courts.state.md.us/casesearch//process Disclaimer.jis (searching by case number: 9124D) (last visited March 31, 2017), Docket No. 19.[2] On July 10, 2015, Peter

---

[2] I may take judicial notice of State court docket entries. "[A] court may properly take judicial notice of 'matters of public record' and other information that, under Federal Rule of Evidence 201, constitute 'adjudicative facts.'" *Goldfarb v. Mayor & City Council of Baltimore*, 791 F.3d 500, 508 (4th Cir. 2015); *see also Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *Katyle v. Penn Nat'l Gaming, Inc.*, 637 F.3d 462, 466 (4th Cir. 2011), *cert.*

Krauser, in his capacity as Chief Judge of the Maryland Court of Special Appeals, and with administrative responsibilities, entered an order in which, pursuant to Maryland Rule 8-132, he "transferred" the appeal to the Maryland Court of Appeals. *Id.*; Docket No. 21. Maryland Rule 8-132 ("Transfer of Appeal Improperly Taken") provides:

> If the Court of Appeals or the Court of Special Appeals determines that an appellant has improperly noted an appeal to it but may be entitled to appeal to another court exercising appellate jurisdiction, the Court shall not dismiss the appeal but shall instead transfer the action to the court apparently having jurisdiction, upon the payment of costs provided in the order transferring the action.

Given that plaintiffs filed an appeal from the State District Court to the Circuit Court, the plaintiffs were not entitled to an appeal to the Maryland Court of Special Appeals. Rather, they were entitled to seek certiorari to the Maryland Court of Appeals. *See* Md. Code (2013 Repl. Vol.), §§12-305 and 12-307(2) of the Court and Judicial Proceedings Article. Therefore, Judge Krauser correctly transferred the appeal to the highest state court. On January 29, 2016, that court, the Maryland Court of Appeals, denied plaintiffs' petition for writ of certiorari in an order docketed on February 8, 2016. *Id.*; Docket No. 24; *see also* ELH-16-1435, ECF 25-25.

Judge Peter Krauser's involvement in this matter thus appears to be very limited and non-substantive. Moreover, to my knowledge, the docket for the case *sub judice* contains no record of Judge Peter Krauser's Order of July 2015.[3]

---

*denied*, 565 U.S. 825 (2011); *Philips v. Pitt Cnty. Memorial Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009). Pursuant to Fed. R. Evid. 201, a court may take judicial notice of adjudicative facts if they are "not subject to reasonable dispute," in that they are "(1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."

In addition, in *Anderson v. Fed. Deposit Ins. Corp.*, 918 F.2d 1139, 1141 n. 1 (4th Cir. 1990), the Court recognized that a district court may "properly take judicial notice of its own records."

[3] Indeed, I was unaware that Judge Peter Krauser had any involvement whatsoever.

Although plaintiffs did not cite to 28 U.S.C. § 144 and 28 U.S.C. § 455, they are relevant here. Section 144 is titled "Bias or prejudice of judge." Section 455 is titled "Disqualification of justice, judge, or magistrate judge." Under both § 455 and § 144, the judge whose objectivity is being challenged by a motion to recuse is the one who should first review the matter and render the disqualification decision.

Section 455(a) of Title 28 of the United States Code focuses on the appearance of impropriety. It states: "Any justice, judge, or magistrate judge of the United States shall disqualify [herself] in any proceeding in which [her] impartiality might reasonably be questioned." The test "embodies an objective standard" and asks "whether an objective, disinterested, lay observer fully informed of the facts ... would entertain a significant doubt about a judge's impartiality. *Parker v. Connors Steel Co.*, 855 F.2d 1510, 1524 (11th Cir. 1988). The provision is intended to promote confidence in the judiciary. *Liljeberg v. Health Serv. Acquisition Corp.*, 486 U.S. 847, 865 (1988).

The term "proceeding" in § 455 includes the usual stages of a criminal trial and appellate review, as well as "other stages of litigation." 28 U.S.C. § 455(d)(1); *see also United States v. Cherry*, 330 F.3d 658, 666 (4th Cir. 2003) (the presiding judge has the discretion to recuse herself).

As the Supreme Court has noted, § 455(a) "deals with the *objective appearance* of partiality." *Liteky v. United States*, 510 U.S. 540, 553 n.2 (1994) (emphasis in *Liteky*). Disqualification is required "only if it appears that [a judge] harbors an aversion, hostility or disposition of a kind that a fair minded person could not set aside when judging the dispute." *Id.* at 558. This objective standard includes not only actual impartiality, but also the appearance of impartiality. *See United States v. Carmichael*, 726 F.2d 158, 160 (4th Cir. 1984). In other words,

8

"[d]isqualification is required if a reasonable factual basis exists for doubting the judge's impartiality.... The inquiry is whether a reasonable person would have a reasonable basis for questioning the judge's impartiality, not whether the judge is in fact impartial." *In re Beard*, 811 F.2d 818, 827 (4th Cir. 1987) (internal citation omitted).

Notably, a "presiding judge is not ... required to recuse [herself] simply because of 'unsupported, irrational or highly tenuous speculation.'" *Cherry*, 330 F.3d at 665 (quoting *United States v. DeTemple*, 162 F.3d 279, 287 (4th Cir. 1998)). "The alleged bias must derive from an extra-judicial source [and] ...*result in an opinion on the merits on a basis other than that learned by the judge from his participation in the matter.*" *Beard*, 811 F.2d at 827 (emphasis added). Simply put, "[t]he proper test to be applied is whether another with knowledge of all of the circumstances might reasonably question the judge's impartiality." *Id.*

Section 455(b) of Title 28 of the United States Code enumerates circumstances in which a federal judge "shall" disqualify herself, because partiality is presumed. *See* Richard K. Neumann, Jr., "Conflicts Of Interest In *Bush v. Gore*: Did Some Justices Vote Illegally?", 16 Geo. J. Legal Ethics 375, 384 (Spring 2003). Section 455(b)(1) is relevant here.[4] Under § 455(b)(1), a judge shall disqualify herself from a proceeding if she "has a personal bias or prejudice concerning a party....". Under that circumstance, disqualification is required.

As with Section 455(a), the alleged bias or prejudice referenced in Section 455(b)(1), must stem from an extrajudicial source. *Belue v. Leventhal,* 640 F.3d 567, 572-73 (4th Cir. 2011) (citing *Liteky*, 510 U.S. at 545). And, "a presiding judge need not recuse himself simply because he possesses some tangential relationship to the proceedings." *Cherry,* 330 F.3d at 665.

Section 144 states, in pertinent part:

---

[4] In my view, the remaining subsections of 28 U.S.C. § 455(b) are not applicable. *See* 28 U.S.C. §§ 455(b)(2)-(5).

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

The standard for recusal under § 144 requires the plaintiff's affidavit in support of his motion to establish adequately that this Court has a "personal bias or prejudice either against [the plaintiffs] or in favor of any adverse party." 28 U.S.C. § 144; *Sine v. Local No. 992 Int'l Bhd. of Teamsters*, 882 F.2d 913, 914 (4th Cir. 1989). Notably, "[a]ssertions merely of a conclusory nature are not enough,[ ] nor are opinions and rumors.[ ]" *United States v. Haldeman*, 559 F.2d 31, 34 (D.C. Cir. 1976).

In *Sine*, 882 F.2d at 914, the Court said: "A judge against whom an affidavit under § 144 is filed must pass upon the legal sufficiency of the facts alleged." For an affidavit to be legally sufficient under § 144, it must allege "*personal* bias or prejudice caused by an extrajudicial source other than what the judge has learned or experienced from [her] participation in the case." *Sine*, 882 F.2d at 914 (quoting *United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1966)) (emphasis in original). In other words, the "nature of the bias must be personal rather than judicial." *Sine*, 882 F.2d. at 914 (citing *Shaw v. Martin*, 733 F.2d 304, 308 (4th Cir. 1984)).

A "clear and convincing" standard of review is applied to the determination of whether the facts in the affidavit are legally sufficient to convince a reasonable person that a personal bias or prejudice exists. *Chitimacha Tribe v. Harry L. Laws Co.*, 690 F.2d 1157, 1165 (5th Cir. 1982). If the defendant's affidavit is legally sufficient, the Court must recuse itself. *Sine*, 882 F.2d at 914. On appeal, a presiding judge's denial of a recusal motion is reviewed for abuse of discretion. *United States v. Mitchell*, 886 F.2d 667, 671 (4th Cir. 1989).

Plaintiffs allege prejudice and bias based on my prior service (very long ago) as a Maryland Assistant Attorney General and my service a Maryland state court judge, which concluded in 2010. This argument lacks merit. In *Sierra Club v. Simkins Indus., Inc.*, 847 F.2d 1109, 1117 (4th Cir. 1988), the Court recognized that the presiding judge's prior association with the plaintiff's organization "does not, in itself, form a reasonable basis for questioning a judge's impartiality." As the Fourth Circuit noted, "litigants are entitled to a judge free of personal bias, but not to a judge without any personal history before appointment to the bench." *Id.* at 1117 (citations omitted). *See Brody v. President & Fellows of Harvard College*, 664 F.2d 10, 11 (1st Cir. 1981) (trial judge's graduation from defendant university did not in itself constitute a reasonable basis for recusal motion).

Moreover, plaintiffs provide no explanation of how I am somehow biased or unable to be impartial as a result of Judge Peter Krauser's limited involvement in this matter, or from my prior service on the same court. It is hardly uncommon for a federal judge to come to the bench with prior judicial service on a state court. That said, I concluded my service as a Maryland State judge in 2010. Plaintiffs' protestations aside, I am confident that *no reasonable* person would question my impartiality on this basis.

In addition, plaintiffs reiterate their contention that the Clerk of the Court has failed to docket all of plaintiffs' exhibits in this case. ECF 51 at 7 ("Without docketing evidence, it is clear there appears to be something to hide.") As discussed above, plaintiffs seem to misapprehend the docketing system of this Court. And, as I have previously informed plaintiffs, ECF 50 at 2: "Although documents filed in paper format are not available electronically, they are still docketed. Moreover, documents filed in paper format are available to the public. And, the public is informed about the existence of these documents by way of a 'placeholder' entry on the

11

docket." Plaintiffs' paper submissions were voluminous and the Clerk was not obligated to upload them electronically.

Plaintiffs' claim of bias is clearly predicated on their dissatisfaction with my rulings. As the record reflects, I have spent considerable time addressing plaintiffs' many submissions, most of which were already considered by other courts, and resulted in rulings adverse to plaintiffs. Plaintiffs' dissatisfaction with my rulings does not give rise to a basis for recusal. Rather, it gives rise to the right to appeal, which they have noted.

Plaintiffs can rest assured that if any reasonable grounds existed for me to recuse myself from this case, I would have done so, if for no other reason than to avoid spending precious time on repeated filings that seek to relitigate issues addressed by judges in the State courts and resulted in rulings, by Judge Messitte, and by me. However, my responsibilities require me to handle dutifully the cases assigned to me. Rather, it gives rise to the right to appeal, which they have noted.

### B. Motions for Reconsideration/Stay

I now turn to plaintiffs' Motion for Reconsideration and Motion to Stay; the Motion to Stay essentially duplicates the Motion for Reconsideration.

The Federal Rules of Civil Procedure do not contain an express provision for a "motion for reconsideration" of a final judgment. *Katyle v. Penn Nat'l Gamin, Inc.*, 637 F.3d 462, 470 n.4 (4th Cir. 2011), *cert. denied*, 132 S. Ct. 115 (2011); *see also Ngatia v. Dep't of Pub. Safety & Corr. Serv.*, WDQ-14-0899, 2015 WL 7012672, at *2 (D. Md. Nov. 12, 2015). However, to avoid elevating form over substance, a motion to reconsider may be construed as a motion to alter or amend judgment under Fed. R. Civ. P. 59(e), or a motion for relief from judgment under

Fed. R. Civ. P. 60(b). *MLC Auto., LLC v. Town of S. Pines,* 532 F.3d 269, 278-80 (4th Cir. 2008).

Fed. R. Civ. P. 59(e) is captioned "Motion to Alter or Amend a Judgment." It states: "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." A district court may amend a judgment under Rule 59(e), *inter alia*, to "prevent manifest injustice." *Hutchinson v. Stanton*, 994 F.2d 1076, 1081 (4th Cir. 2002).

In this circuit, there are three limited grounds for granting a motion for reconsideration under Rule 59(e): (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not previously available; or (3) to correct clear error of law or prevent manifest injustice. *See United States ex. rel. Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002) (citing *Pacific Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998)).  Notably, a Rule 59(e) motion "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Pac. Ins. Co.*, 148 F.3d at 403 (quoting 11 *Wright, et al., Federal Practice & Procedure* § 2810.1, at 127–28 (2d ed. 1995)); *see also Medlock v. Rumsfeld*, 336 F.Supp.2d 452, 470 (D. Md. 2002), *aff'd*, 86 Fed. Appx. 665 (4th Cir. 2004) (citation omitted) ("To the extent that Plaintiff is simply trying to reargue the case, he is not permitted to do so. Where a motion does not raise new arguments, but merely urges the court to 'change its mind,' relief is not authorized."). Generally, "'reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly.'" *Pac. Ins. Co.*, 148 F.3d at 403 (quoting *Wright, et al.*, supra, § 2810.1, at 124).

Plaintiffs move for reconsideration and a stay of the Court's order dismissing this case (ECF 42) on the basis of new evidence.  *See, e.g.*, ECF 43 at 1; ECF 44 at 5. However plaintiffs have not presented any new evidence.  As correctly noted by CCIE, ECF 45 at 2:

The alleged "new evidence" presented by Plaintiffs is nothing more than a cobbling of news articles and briefs filed in unrelated cases, all concerning President Donald Trump's administration. For reasons unknown, at least 15 pages of the Motion to Reconsider are copied-and-pasted verbatim from an *amicus curiae* brief filed by the Anti-Defamation League on February 6, 2017 in S*tate of Washington, et al. v. Donald Trump, President of the United States,et al.*, United States Court of Appeals for the Ninth Circuit, No. 17-35105[.]

This so called "new evidence" has nothing to do with the case at bar. Furthermore, plaintiffs do "not raise new arguments, but merely urge[] the court to 'change its mind,' [and therefore] relief is not authorized." *Medlock v. Rumsfeld*, 336 F. Supp. 2d 452, 470 (D. Md. 2002) (citation omitted), *aff'd*, 86 Fed. App'x. 665 (4th Cir. 2004). "To the extent that [plaintiffs are] simply trying to reargue the case, [they are] not permitted to do so." *Id.*; *see also Hutchinson v. Stanton*, 994 F.2d 1076, 1082 (4th Cir. 2002) ("[M]ere disagreement [with a court's ruling] does not support a Rule 59(e) motion.") (internal citation omitted).

Plaintiffs also seek to stay this Court's order dismissing the case, "pending Plaintiffs' appeal and administrative proceedings in the County and state…" ECF 43 at 10. The State and administrative proceedings involve employment discrimination claims against Mua's employer, the Board of Education of Prince George's County. *See generally* ECF 43; ECF 44. It is unclear how these claims are related to the case at hand, which involves an alleged overpayment of automobile insurance by an insurer and efforts to recover the overpayment from plaintiffs. Moreover, as this case has already been closed, there are no pending proceedings for the Court to stay.

## II. Conclusion

In sum, plaintiffs' bald and unfounded accusations in the Motion to Recuse give credence to Chief Justice Roberts's recent comments in his 2016 Year-End Report on the Federal

Judiciary. There, he observed that district judges are promised "guaranteed criticism" as part of their service. The complaints of plaintiffs are evidence of that truism.

For the reasons stated above, I shall deny the Motion to Recuse (ECF 51) filed by plaintiffs. I shall also deny plaintiffs' Motion for Reconsideration (ECF 43) and Motion to Stay (ECF 44).

An Order follows.


Date: <u>April 4, 2017</u>                                        <u>      /s/                                </u>
                                                                Ellen L. Hollander
                                                                United States District Judge

15